James P. Keenley (State Bar No. 253106)
Brian H. Kim (State Bar No. 215492)
BOLT KEENLEY KIM LLP
1010 Grayson Street, Suite Three
Berkeley, California 94710
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| SABRINA WEI, | Case No.: 3:22-cv-371 |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| KAISER FOUNDATION HEALTH PLAN, INC. RETIREE HEALTH AND WELFARE PLAN; KAISER FOUNDATION HEALTH PLAN INC. HEALTH AND WELFARE PLAN; KAISER FOUNDATION HOSPITALS | |
| Defendants. | |

## INTRODUCTION

1. This case challenges the Kaiser Permanente Administrative Committee's ("Administrative Committee") denial of Plaintiff Sabrina Wei's claim and appeal for benefits under the Defendant Kaiser Foundation Health Plan, Inc Retiree Health and Welfare Plan (the "Retiree Plan"), and under the Defendant Kaiser Health Plan, Inc. Health and Welfare Plan (the "Active Plan"). Plaintiff, a former Kaiser employee, had her family's coverage for health benefits from Kaiser wrongfully terminated while she was eligible to receive long-term disability benefits. Plaintiff, who is

severely and permanently disabled as a result of a stroke and aneurysm she suffered in 2016, took a part-time position, scheduled for one hour per week, with accommodated duties at Kaiser following an interactive disability accommodations process.  As a result of taking that position, Kaiser deemed Plaintiff and her dependents not eligible for health coverage under the Active Plan despite the fact that Plaintiff was still eligible for LTD benefits and therefore under the terms of the Active Plan was entitled to continued health coverage.  The Administrative Committee also subsequently used that brief period of part-time employment to justify permanently excluding Plaintiff from coverage under the Retiree Plan that she would have been entitled to received had she not taken the position.  This decision was unlawful and an abuse of discretion.  Kaiser Foundation Hospitals's failure to advise Plaintiff of the effect of her taking the part-time position was a breach of fiduciary duty.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to sections 502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), (a)(3).  This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE AND INTRADISTRICT ASSIGNMENT

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

4. This case should be assigned to the San Francisco / Oakland Division because the acts and omissions giving rise to the claim occurred within Alameda county, where Defendant Plan Kaiser Foundation Health Plan Inc Retiree Health and Welfare Plan is administered.

## PARTIES

5. At all relevant times, Plaintiff was a participant in welfare benefit plans, as defined by

ERISA § 3(7), 29 U.S.C. § 1002(7), sponsored by Kaiser Foundation Hospitals, her former employer, including, upon satisfying the eligibility criteria, the Defendant Kaiser Foundation Health Plan, Inc. Retiree Health and Welfare Plan in this case.

6. At all relevant times, the Defendant Kaiser Foundation Health Plan, Inc. Retiree Health and Welfare Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), the Kaiser Permanente Administrative Committee administers the Plan and decided Plaintiff's claims and appeals.

7. At all relevant time, the Defendant Kaiser Foundation Health Plan, Inc. Health and Welfare Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), the Kaiser Permanente Administrative Committee administers the Plan and decided Plaintiff's claims and appeals.

8. Kaiser Foundation Hospitals was, at all relevant times, Plaintiff's employer and, with respect to representations made to, or required disclosures that were omitted from, Plaintiff about her eligibility for medical benefits in connection with her decision to accept a part-time position as a Nutrition Partner was acting as a fiduciary of the Defendant Plans pursuant to 29 U.S.C. 1002(21)(A) in that Kaiser Foundation Hospitals exercised discretionary authority or discretionary control respecting management of the Defendant Plans.

**FACTS**

9. Prior to becoming disabled, Plaintiff worked as a pharmacist for Kaiser. She graduated from San Francisco State University in 1992 with a B.S. in biochemistry, and a Doctor of Pharmacy from the University of Pacific in 1995. In 1996, Dr. Wei started working for Kaiser as a staff pharmacist and quickly advanced to be an ambulatory care pharmacist, a position she held for over 20 years at Kaiser before suffering a subarachnoid hemorrhage and stroke due to a ruptured middle cerebral artery aneurysm in 2016.

10. Although Dr. Wei has made numerous efforts to return to work in some capacity since becoming disabled, the brain injuries she suffered as a result of her aneurysm are serious and have left

her with permanent disabling cognitive and physical impairments.

11. At the time Dr. Wei suffered her aneurysm she was a member of The Guild of Professional Pharmacists, and her employee welfare benefits were provided pursuant to a collective bargaining agreement between the Guild and Kaiser. The terms of those benefit plans are set forth in the summary plan description for the Guild of Professional Pharmacists (referred to herein as the "Guild SPD") and state expressly that while a participant is "qualified" for long-term disability, their medical coverage will continue to be paid for by Kaiser "for a period equal to one-half of your continuous years of service with Kaiser Permanente, up to a maximum of five years."

12. Dr. Wei has over 20 years of continuous service and was thus eligible for continued medical coverage under the Guild health plan for the maximum period of five years, which would have run from 2016 to 2021.

13. Dr. Wei took great personal satisfaction from her work and providing her for family through work and accordingly made numerous attempts to seek medical approval to return to work and to seek accommodations to return to work from Kaiser that would allow her to resume her pharmacist career in some capacity. Nonetheless, her physician would only release her to work a maximum of four hours per day for three days per week because of the severity of her physical and cognitive impairments.

14. After a lengthy interactive accommodations process with Kaiser, Dr. Wei was not offered an accommodated position within pharmacy services. Plaintiff believes that Kaiser determined as a result of this process that Dr. Wei could not safely perform the job of a pharmacist in light of her conditions, but Kaiser did offer Dr. Wei a part time job as a "Nutritional Partner" in the Nutritional Services department, which she began performing on May 14, 2018.

15. Although this job primarily involved stocking food carts and delivering trays to patient floors and as such was well below Dr. Wei's qualifications and experience, and despite the fact that it paid $25-$26 per hour (less than one-third, on an hourly basis, of the amount Dr. Wei made as a pharmacist), provided no benefits, and was only for three four-hour shifts per week, Dr. Wei took the position because she was committed to trying to maintain some level of connection to her working life.

16. Notwithstanding the highly accommodated and simple nature of the work, Plaintiff's short tenure as a Nutritional Partner did not go well and she made several mistakes that reflect the permanent cognitive deficits she suffered as a result of her aneurysm. Including, for example, providing regular pudding instead of "diet" pudding for a diabetic patient, and giving a patient a "regular" food tray who was on medical orders to have a mechanical soft diet. The latter mistake was only discovered when the patient began to choke on his meal. For this and other reasons, Plaintiff resigned from her Nutritional Partner position on December 3, 2018.

17. Shortly after accepting the position as a Nutritional Partner, Dr. Wei was informed that her health benefit coverage for her and her family was being terminated because the Nutritional Partner position did not provide health benefits. This decision was unlawful and an abuse of discretion because even while employed as a Nutritional Partner, Dr. Wei was continuously eligible for long-term disability benefits, her LTD claim was approved and has been paid for the entire period of her employment as a Nutritional Partner, and, as alleged in paragraph 9, *supra*, the terms of her long-term disability benefit program expressly state that health care coverage will continue for participants who are qualified for long-term disability. Dr. Wei and her dependents should have been covered by the Active Plan for the entire five year maximum period from 2016 to 2021

18. At no point during the lengthy interactive process that led to Kaiser offering Dr. Wei the Nutritional Partner position did any employee or representative of Kaiser inform Dr. Wei that taking the job would result in Kaiser terminating Dr. Wei and her family's health benefits. Had Dr. Wei been informed that Kaiser took this position (which is incorrect on the face of the the Guild's SPD with Kaiser), she would not have taken the part time position because it would have been financially irrational to forfeit health benefit coverage in exchange for the insignificant compensation provided by the Nutritional Partner job, especially in light of the well-founded concerns of Dr. Wei and her physicians that once she started the job she might discover she could not actually perform it to an acceptable and safe degree.

19. At all relevant times the Defendant Kaiser Foundation Health Plan, Inc. Retiree Health and Welfare Plan offered, among other things, medical benefits to Plan participants who met the

requisite age and years of service and/or other eligibility criteria.  Specifically, the Plan's summary plan description states that medical benefits will be offered the earlier of when "you turn age 65 or when become eligible for and enroll in Medicare" and if the participant retires from Kaiser at age 55 with at least 15 years of service.  Under these terms, Dr. Wei became eligible for health coverage under the Plan when she became Medicare eligible in August 2018 as a result of being continuously approved for 24 consecutive months of Social Security Disability Insurance benefits.  Dr. Wei's family would also be eligible to participate in the retiree health plan as her dependents.

20. On May 19, 2020, Kaiser received a request from Dr. Wei to determine her eligibility for retiree medical benefits under the Plan.

21. On June 17, 2020, the Kaiser Permanent Retirement Center denied Dr. Wei's claim for benefits under the Plan.  The Retirement Center claimed that when Dr. Wei terminated employment on December 1, 2018, she was not working in a benefits eligible position, regularly scheduled to work at least 20 hours per week or more, and therefore that she was not eligible for retiree medical benefits. The Retirement Center acknowledged that Dr. Wei had been given contradictory "misinformation" by staff on the phone "several times regarding your eligibility," including that she would be eligible for retiree medical benefits if she provided proof of her eligibility for and enrollment in Medicare, but claimed that this was because the specialist staff who work at the Retirement Center only looked at her age and years of service and did not take into account her "personnel category" or "scheduled hours" at the time she terminated employment.

22. On December 11, 2020, Dr. Wei, through counsel, submitted a timely appeal of the June 17, 2020 adverse benefit determination, alleging that she was continuously eligible for health benefits under the Guild Plan by virtue of being eligible for LTD benefits under the Guild Plan for the period of August 2016 to August 2021, and further alleging that she was eligible for retiree medical benefits under the Plan as of the time that she enrolled in Medicare.

23. On March 2, 2021, the Appeals Subcommittee of the Kaiser Permanente Administrative Committee denied Dr. Wei's appeal.  The Administrative Committee contends that as of the time that Dr. Wei took her part-time position as a Nutrition Partner, which was scheduled to be an on/call one-

hour per week position, she lost her eligibility for all benefits under the Guild welfare plans and became a member of a different bargaining unit that rendered her ineligible—*permanently ineligible*—for valuable retiree health care benefits because she was not working in a benefits eligible position. The Administrative Committee claims in its appeal response that it was Dr. Wei's responsibility to understand how the various benefit programs would interact with her part-time employment, despite acknowledging that the dedicated benefits professionals who work at the Retirement Center did not themselves know of the "personnel category" and "scheduled hours" requirements that the Administrative Committee is relying on to deny Dr. Wei's claim.

24. No employee or representative of Kaiser ever informed Dr. Wei that taking the part time Nutrition Partner position would have such a drastic and permanent effect on her retiree medical benefits, and she would not have taken the position if she knew this would happen.

25. The Administrative Committee's position is also an incorrect and unreasonable interpretation of the different benefit plan terms that govern Dr. Wei's claim, there is no provision in the Guild SPD that states a disabled participant will lose their health benefits under the Active Plan if they take a part time position within another bargaining unit.

26. Dr. Wei has been continuously eligible for health benefit coverage since her disability began under either the Active Plan (up to August 2021) and/or the Retiree Plan since becoming disabled in 2016 and Medicare eligible in 2018, respectively.

27. The Administrative Committee's denial of Dr. Wei's claim and appeal was an abuse of discretion.

**FIRST CLAIM FOR RELIEF**
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant Kaiser Foundation Health Plan. Inc, Retiree Health and Welfare Plan]**

28. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

29. Since August 2018, under the terms of the Retiree Plan as set forth in the governing

plan instruments, Plaintiff became and remains entitled to medical benefits under the Retiree Plan.

30. By denying Plaintiff's claim for benefits, and by related acts and omissions, the Administrative Committee has violated, and continues to violate, the terms of the Retiree Plan and Plaintiff's rights thereunder. The Plan's refusal to pay Plaintiff benefits violates the terms of the Retiree Plan, and the Administrative Committee' actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, Defendant Plan failed and refused to honor the terms of the Retiree Plan.

31. As a proximate result of the Administrative Committee's and Defendant's actions, Plaintiff has been deprived of her benefits to which he was and is entitled and has suffered damages including incurring costs for unpaid health services and not receiving medical benefits to which she and her dependents were entitled. Plaintiff further seeks a declaration as to her entitlement to benefits and an order requiring Defendant to enroll her in medical coverage according to the terms of the Defendant Plan.

## SECOND CLAIM FOR RELIEF
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant Kaiser Health Plan. Inc Health and Welfare Plan]**

32. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

33. Since August 2016, under the terms of the Active Plan as set forth in the governing plan instruments, Plaintiff became and remained entitled to medical benefits under the Active Plan for a period of five years as a result of her continuous eligibility for long-term disability benefits under the Guild SPD.

34. By denying Plaintiff's claim for benefits, and by related acts and omissions, the Administrative Committee has violated, and continues to violate, the terms of the Active Plan, the Guild SPD, and Plaintiff's rights thereunder. The Active Plan's refusal to enroll Plaintiff and pay benefits violates the terms of the Active Plan and the Guild SPD, and the Administrative Committee'

actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, Defendant Plan failed and refused to honor the terms of the Active Plan and the Guild SPD.

35. As a proximate result of the Administrative Committee's and Defendant's actions, Plaintiff has been deprived of her benefits to which he was and is entitled and has suffered damages including incurring costs for unpaid health services and not receiving medical benefits to which she and her dependents were entitled. Plaintiff seeks a declaration as to her entitlement to benefits and an order requiring Defendant to retroactively enroll her in medical coverage according to the terms of the Defendant Plan and Guild SPD.

### ALTERNATIVE THIRD CLAIM FOR RELIEF
**(Pursuant to ERISA 502(a)(3), 29 U.S.C. 1132(a)(3) Against Defendant Kaiser Foundation Hospitals)**

36. Kaiser Foundation Hospitals was, at all relevant times, Plaintiff's employer and, with respect to representations made to, or required disclosures not made to, Plaintiff about her eligibility for medical benefits in connection with her decision to accept a part-time position as a Nutrition Partner was acting as a fiduciary of the Defendant Plans pursuant to 29 U.S.C. 1002(21)(A) in that Kaiser Foundation Hospitals exercised discretionary authority or discretionary control respecting management of the Defendant Plans.

37. In making representations to Plaintiff about her eligibility for medical benefits, specifically in failing to notify Plaintiff that taking the part-time position as a Nutritional Partner would result in her losing eligibility for both active and retiree health care coverage, Kaiser Foundation Hospitals breached its fiduciary responsibility to provide accurate information about the benefit plans that it controlled.

38. As a direct and proximate result of this breach of fiduciary duty, Plaintiff and her dependents have been deprived of health care benefits that she was entitled to received between May 2018 and the present, this loss is ongoing.

39. In the alternative to her first and second claims for relief, Plaintiff seeks equitable relief pursuant to ERISA section 502(a)(3) as follows: an order requiring Kaiser Foundation Hospitals and

the Administrative Committee to modify plan records to provide for Plaintiff's eligibility for health and retiree health benefits, or, alternatively, an award of restitution for the financial loss caused by Plaintiff's permanent loss of retiree medical coverage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that the Administrative Committee violated the terms of the Plans by denying Plaintiff's claim for benefits;

B. Order that Defendant pay Plaintiff reimbursement for any covered medical expenses she or her dependents incurred during the period of time that the Administrative Committee has refused to honor Plaintiff's claim for benefits;

C. Declare Plaintiff's right to receive future benefits under the terms of the Plans;

D. Alternatively, issue an injunction requiring Kaiser Foundation Hospitals to modify Plan records to reflect Plaintiff's continuous eligibility for health benefits under the Plans;

E. Alternatively, order Kaiser Foundation Hospitals to pay restitution for the financial loss caused by her permanent loss of retiree medical coverage, in an amount to be proved at trial;

F. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

G. Provide such other relief as the Court deems equitable and just.

Respectfully submitted,

Dated: January 19, 2022         BOLT KEENLEY KIM LLP

By: /s/ *James P. Keenley*
James P. Keenley
Attorneys for Plaintiff